**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALBERT COX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-375** |
| **STATE OF LOUISIANA** **WARDEN N. BURL CAIN** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court are Petitioner Albert Cox's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to this case.[2] Petitioner, a state prisoner incarcerated at Louisiana State Penitentiary in Angola, Louisiana, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] The Magistrate Judge recommended that the petition be dismissed with prejudice on the merits.[4] Petitioner objects to the Magistrate Judge's Report and Recommendation.[5] After reviewing the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Magistrate Judge's recommendation, and dismisses the action with prejudice.

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 16.

[3] Rec. Doc. 1.

[4] Rec. Doc. 16.

[5] Rec. Doc. 17.

## I. Background

### A.    Factual Background

On January 14, 2016, Petitioner was indicted by a grand jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson for the second degree murder of Cornell Woods (Count One) and for being a felon in possession of a firearm (Count Two).[6] On May 4, 2016, trial counsel moved for a sanity commission review of Petitioner's intellectual abilities based on her assessment of Petitioner's illiteracy and his history of receiving a check for his intellectual disabilities since childhood.[7] A competency hearing was held on June 22, 2016, and Petitioner was found competent to assist in his defense.[8]

Petitioner was tried before a jury on December 5 though 7, 2016.[9] The jury was unable to reach a verdict and the matter ended in a mistrial.[10] Petitioner was later tried by a jury on April 10 through 12, 2017,[11] and was found guilty as charged on both counts.[12] On April 19, 2017, the state trial court denied Petitioner's motions for new trial and for post-verdict judgment of acquittal.[13] The state trial court sentenced Petitioner to a term of life in prison as to Count One and fifteen

---

[6] State Rec., Vol. I of XI, Indictment, Jan. 14, 2016.

[7] State Rec., Vol. I of XI, Motion for Sanity Commission, May 4, 2016.

[8] State Rec., Vol. I of XI, Competency Hearing Minutes, Jun. 22, 2016.

[9] State Rec., Vol. I of XI, Trial Minutes, Dec. 5, 2016.

[10] State Rec., Vol. I of XI, Trial Minutes, Dec. 7, 2016.

[11] State Rec., Vol. I of XI, Trial Minutes, Apr. 10, 2017.

[12] State Rec., Vol. I of XI, Trial Minutes, Apr. 12, 2017.

[13] State Rec., Vol. I of XI, Trial Court Orders, Apr. 19, 2017.

years in prison as to Count Two, to be served consecutively and without benefit of parole, probation, or suspension of sentence.[14]

On February 21, 2018, the Louisiana Fifth Circuit affirmed Petitioner's convictions and sentences.[15] On January 14, 2019, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[16]

On November 6, 2019, Petitioner submitted an application for post-conviction relief to the state trial court.[17] On February 10, 2020, the state trial court denied relief.[18] Petitioner's related writ applications were denied by the Louisiana Fifth Circuit Court of Appeal on April 7, 2020,[19] and by the Louisiana Supreme Court on October 20, 2020.[20]

On February 18, 2021, Petitioner filed the instant federal habeas petition in this Court in which he asserts two grounds for relief: (1) counsel was ineffective for failing to investigate his mental health history to prove to the jury that he could not distinguish right from wrong at the time of the crime; and (2) the state trial court erred by prohibiting Petitioner from presenting evidence of his mental state when he gave statements to police.[21] The State filed a response in opposition asserting that Petitioner's claims are without merit and denial of relief by the state courts was not

---

[14] State Rec., Vol. I of XI, Sentencing Minutes, Apr. 19, 2017.

[15] *State v. Cox*, 17-KA-508 (La. App. 5 Cir. 2/21/18); 239 So. 3d 465.

[16] *State v. Cox*, 18-KO-455 (La. 1/14/19); 261 So. 3d 782.

[17] State Rec., Vol. VIII of XI, Application for Post-Conviction Relief, Nov. 13, 2019.

[18] State Rec., Vol. IX of XI, Trial Court Order, Feb. 10, 2020.

[19] *State v. Cox*, 20-KH-92 (La. App. 5 Cir. 4/7/20); State Rec., Vol. IX of XI.

[20] *State v. Cox*, 20-KH-657 (La. 10/20/20); 303 So. 3d 301.

[21] Rec. Doc. 1.

contrary to or unreasonable application of federal law.[22] Petitioner filed a reply to the State's

opposition in which he reiterated his arguments in support of relief.[23]

## B.    Report and Recommendation Findings

The Magistrate Judge recommended that this Court dismiss the petition with prejudice on

the merits.[24] First, the Magistrate Judge addressed Petitioner's claim that his counsel denied him

effective assistance by failing to adequately investigate his mental state and social behavior

history.[25] The Magistrate Judge pointed out that Petitioner offered no evidence or information to

establish what further investigation into his mental health and social behavior history would have

revealed or that it would have altered his outcome at trial, nor did he offer anything to establish

that he suffered from a mental condition that prevented him from distinguishing right from wrong

when the murder occurred.[26] Additionally, the Magistrate Judge found that Petitioner failed to

identify any legitimate basis for his counsel to have pursued an insanity defense.[27] According to

the Magistrate Judge, the record showed that counsel evaluated Petitioner's prior behavioral issues

and apparently resolved that it did not meet Louisiana's high standards to support an insanity

defense.[28] The Magistrate Judge found that Petitioner failed to present any support for his claims

of deficient performance or prejudice resulting from his counsel's alleged failure to further

---

[22] Rec. Doc. 14.

[23] Rec. Doc. 15.

[24] Rec. Doc. 16.

[25] *Id.* at 9–17.

[26] *Id.* at 13.

[27] *Id.* at 15.

[28] *Id.*

investigate or pursue an insanity defense, and thus failed to meet either prong of the *Strickland* standard.[29]

Second, the Magistrate Judge addressed Petitioner's claims that the state trial court erred by prohibiting the defense from presenting evidence or cross-examining witnesses regarding his mental limitations when he made inculpatory statements to his family members.[30] The Magistrate Judge noted that federal habeas corpus review is limited to questions of constitutional dimension, and federal courts generally do not review the admissibility of evidence under state law, unless the proceedings violated due process in a manner to render the criminal proceeding fundamentally unfair.[31] Further, the Magistrate Judge found that Petitioner did not have a legitimate or viable defense to assert based on his mental state while talking with his relatives, and that he was not denied his confrontation rights through his inability to confront witnesses about his state of mind when he made inculpatory statements.[32] Additionally, the Magistrate Judge pointed out that defense counsel was able cross-examine Petitioner's relatives about his state of mind and demeanor during the various phone calls where Petitioner candidly admitted to killing the victim.[33] Therefore, the Magistrate Judge concluded that the state courts' denial of relief was not contrary to, or an unreasonable application of, federal law.[34]

---

[29] *Id.* at 16–17.

[30] *Id.* at 17.

[31] *Id.* at 18.

[32] *Id.* at 20.

[33] *Id.* at 21.

[34] *Id.*

## II. Objections

### A.    *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[35] Petitioner

asserts that "defense counsel failed to investigate and present Petitioner's mental illness before the

jury."[36] Petitioner argues that he has suffered from mental illness since childhood and was

receiving checks for his mental illness from the Social Security Office.[37] Petitioner argues that

defense counsel did not conduct any pre-trial investigation into Petitioner's mental illness, and the

question of whether Petitioner was able to distinguish right from wrong at the time of the crime

has never been addressed.[38] Petitioner argues that no evidence was presented that would

demonstrate that he was able to form the required specific intent to harm the victim.[39] Petitioner

contends that the record establishes that defense counsel did not conduct any pre-trial investigation

concerning Petitioner's mental health issues.[40] Petitioner asserts that, because of defense counsel's

failure to investigate, he was not able to prove that he could not distinguish right from wrong at

the time of the offense.[41] Therefore, Petitioner asserts that there is a reasonable probability the

outcome of trial would have been different if defense counsel had not rendered ineffective

assistance.[42]

---

[35] Rec. Doc. 17.

[36] *Id.* at 1.

[37] *Id.* at 4.

[38] *Id.*

[39] *Id.*

[40] *Id.* at 6.

[41] *Id.*

[42] *Id.* at 7.

**B.      State's Opposition**

The State of Louisiana did not file a brief in opposition to the Petitioner's objections

despite receiving notice of the filing.

### III. Standard of Review

**A.      Review of the Magistrate Judge's Report and Recommendation**

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to

provide a Report and Recommendation. The District Judge "may accept, reject, or modify the

recommended disposition" of a Magistrate Judge on a dispositive matter.[43] The District Judge must

"determine *de novo* any part of the [Report and Recommendation] that has been properly objected

to."[44] The District Court's review is limited to plain error for parts of the report which are not

properly objected to.[45]

**B.      Standard of Review Under the AEDPA**

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (the

"AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions

was revised "to ensure that state-court convictions are given effect to the extent possible under

law."[46] For questions of fact, federal courts must defer to a state court's findings unless they are

"based on an unreasonable determination of the facts in light of the evidence presented in the State

---

[43] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[44] Fed. R. Civ. P. 72(b)(3).

[45] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[46] *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403–404 (2000)).

court proceeding."[47] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[48]

Regarding this standard, the United States Court of Appeals for the Fifth Circuit has explained:

> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[49]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[50] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[51]

---

[47] 28 U.S.C. § 2254(d)(2).

[48] *Id.* § 2254(d)(1).

[49] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[50] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[51] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

## IV. Law and Analysis

### A.   *Ineffective Assistance of Counsel*

Petitioner objects to the Magistrate Judge's finding that he is not entitled to habeas relief on his claim that he received ineffective assistance of counsel due to the failure to investigate and present Petitioner's mental illness to the jury.[52] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[53] If a court finds that a petitioner fails on either of these two prongs, it may dispose of the ineffective assistance claim without addressing the other prong.[54] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[55] A petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[56] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[57] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

---

[52] Rec. Doc. 17. at 1.

[53] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[54] *Id.*

[55] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[56] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[57] *See Strickland*, 466 U.S. at 690.

would have been different."[58] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[59]

When a petitioner's ineffective assistance of counsel claims on federal habeas corpus review are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[60] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[61] Thus, this standard is considered "doubly deferential" on habeas corpus review.[62]

Petitioner asserts that he has suffered from severe mental illness since he was 12 years old, was taking medication for mental illness, and has received benefits from Social Security due to his mental illness. Petitioner argues that trial counsel was ineffective in failing to conduct a pre-trial investigation to prove that he could not distinguish right from wrong at the time of the incident. However, Petitioner has offered no evidence or information to establish what further investigation into his mental health and social behavior history would have revealed or that it would have altered the outcome of his trial. "A petitioner cannot show prejudice with respect to a claim that counsel

---

[58] *Id.* at 694.

[59] *Id.*

[60] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)) (internal quotation marks omitted).

[61] *Id.*

[62] *Id.*

failed to investigate and present mitigating evidence without adducing what the investigation would have shown."[63]

Furthermore, the mere existence of a mental disorder is insufficient to have a viable insanity defense.[64] Louisiana law does not allow a defendant to present evidence of a mental disease or disorder short of legal insanity as a defense to his criminal conduct.[65] In Louisiana, there is a legal presumption that a defendant is sane at the time of the offense.[66] To rebut this presumption, a defendant has the burden of proving the affirmative defense of insanity by a preponderance of the evidence.[67] To establish this defense, a defendant must show "that because of a mental disease or mental defect the offender was incapable of distinguishing between right and wrong."[68]

The decision regarding whether to present an insanity defense is a matter of trial strategy.[69] The Fifth Circuit has noted that "the insanity defense involves case by case determinations of fact and will often fail even if raised and even where some indications of irrationality exist."[70] To establish ineffective assistance of counsel for failing to assert an insanity defense or to advise the

---

[63] *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007) (citing *Strickland*, 466 U.S. at 696).

[64] *State v. Williams*, 346 So. 2d 181, 186 (La. 1977) ("[c]riminal responsibility is not negated merely by the existence of a mental disease or defect.").

[65] *Id.*; *State v. Weber*, 364 So. 2d 952, 956 (La. 1978) ("A mental defect or disorder short of legal insanity cannot serve to negate the specific intent and reduce the degree of the crime.").

[66] La. Rev. Stat. § 15:432; *State v Silman*, 663 So. 2d 27, 32 (La. 1995).

[67] La. Code Crim. P. art. 652.

[68] La. Rev. Stat. § 14:14.

[69] *McInerney v. Puckett*, 919 F.2d 350, 353 (5th Cir. 1990).

[70] *Id.*

client to enter a plea of not guilty by reason of insanity, a petitioner must show that his counsel had some real indication that a mental impairment was a viable defense to the crime charged.[71]

Petitioner has not presented any evidence to show that he was so significantly impaired at the time of the murder as to have been incapable of distinguishing between right and wrong. In fact, the State presented evidence at trial to show that Petitioner was aware his conduct was wrong. The evidence showed that Petitioner was arrested by the U.S. Marshals at a bus station in Baton Rouge.[72] As the Louisiana Fifth Circuit Court of Appeal noted, a "defendant's 'flight and attempt to avoid apprehension are circumstances from which a trier of fact may infer a guilty conscience.'"[73] Additionally, during the trial, several of Petitioner's family members testified that he called them shortly after the shooting and made inculpatory statements.[74] One of Petitioner's cousins testified that he told her he had "messed up" and "done something."

The state courts determined that defense counsel evaluated Petitioner's behavioral issues and apparently resolved that Petitioner did not meet Louisiana's high standards to support an insanity defense. Petitioner has not met his burden to show that he would have succeeded on an insanity defense. Thus, Petitioner has not demonstrated that trial counsel acted unreasonably for failing to present evidence of Petitioner's mental illness, nor has Petitioner proven that there is a reasonable probability the outcome of the trial would have been different but for this alleged failure. As a result, Petitioner has not shown that the state courts' denial of relief was contrary to or an unreasonable application of *Strickland.*

---

[71] *Byrne v. Butler*, 845 F.2d 501, 513 (5th Cir. 1988) (citing *Wilson v. Butler*, 813 F.2d 664, 671 (5th Cir. 1987)) ("Byrne must still demonstrate, however, that his attorneys had some indication that mental impairment might prove a promising line of defense.").

[72] *Cox*, 239 So. 3d at 477.

[73] *Id.* at 477, n.10.

[74] *Id.* at 477.

**B.**      ***State Court Evidentiary Ruling***

Petitioner does not object to the portion of the Report and Recommendation addressing his claim that the state trial court erred by prohibiting him from presenting evidence or cross-examining witnesses regarding his mental limitations when he made inculpatory statements to his family members. Reviewing for plain error and finding none, the Court adopts this portion of the recommendation.

## V. Conclusion

For the reasons stated above, Petitioner has not shown that the state court's denial of relief on his claims was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Albert Cox's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 29th  day of September, 2022.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**